IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES W. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-356-MHT-WC |
| ) | |
| ARGOS READY MIX, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 18, 2016, Plaintiff filed a complaint alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), and Alabama common law. Doc. 1 at 1. On July 7, 2016, Defendants filed a Motion to Dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(e). Doc. 16 at 1. On July 29, 2016, the District Judge entered an Order (Doc. 22) referring the case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." The undersigned entered a Recommendation (Doc. 38) as to Defendants' Motion to Dismiss (Doc. 16), and Defendants filed a partial objection (Doc. 39). The District Judge, after *de novo* review, entered an Opinion (Doc. 40) and Judgment (Doc. 41), which overruled Defendants' partial objections and adopted the undersigned's Recommendation. Subsequently, Defendant Ronee J. Pedersen ("Pedersen") filed a second Motion to Dismiss or, Alternatively, for Judgment on the Pleadings (Doc. 42), which is currently pending before the court. Plaintiff responded (Doc. 45) and Defendant

Pedersen replied (Doc. 46). As the matter is fully briefed, it is ripe for recommendation to the District Judge. For the reasons that follow, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant Pedersen's Motion to Dismiss or, Alternatively, for Judgment on the Pleadings (Doc. 42) be DENIED.

## DISCUSSION

*I.   Introduction*

Defendant Pedersen's motion before the court requests that Plaintiff's fraudulent misrepresentation claim against her be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) or Rule 12(c). Prior to Defendant Pedersen's current request, Defendants moved to dismiss the same fraudulent misrepresentation claim pursuant to Rule 12(b)(6). *See* Doc. 16. The undersigned entered a Recommendation on that motion, which denied Defendants' request to dismiss the claim. *See* Doc. 38. Noting that Plaintiff's fraudulent misrepresentation claim appeared to be based upon two factual scenarios—(1) misrepresentations made to Plaintiff by Defendant Pedersen, and (2) misrepresentations made to a third-party by Defendant Pedersen, upon which Plaintiff allegedly relied—the undersigned concluded that, under Rule 12(b)(6), Plaintiff's complaint asserted sufficient facts to maintain a fraudulent misrepresentation claim against Defendant Pedersen *only* for misrepresentations made directly to Plaintiff, not those made to the third-party. *Id*. at 27-30.

Upon determining that only Defendant Pedersen's misrepresentations to Plaintiff supported the fraudulent misrepresentation claim, the undersigned then proceeded to

2

evaluate whether Plaintiff satisfied the heightened pleading standard of Rule 9(b) as to that factual scenario. In making that determination, the undersigned noted that, when pleading fraud, Rule 9(b) requires a complaint to set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, . . .
> (2) the time and place of each such statement and the person responsible for making . . . same, . . .
> (3) the content of such statements and the manner in which they misled the plaintiff, and
> (4) what the defendants "obtained as a consequence of the fraud."

*Id.* at 31 (citing *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1371 (11th Cir. 1997) and *Fitch v. Radnor Indus., Ltd.,* No. 90-2084, 1990 WL 150110, at *2 (E.D. Pa. Sept. 27, 1990)). However, the undersigned also noted that "application of this rule 'must not abrogate the concept of notice pleading[,]'" *id.* (quoting *Brooks*, 116 F.3d at 1364), and that "'[t]here is no "one size fits all" checklist for satisfying [the Rule 9 pleading] requirement[,]'" *id*. (quoting *Claybar v. Huffman,* 54 F. Supp. 3d 1284, 1288 (S.D. Ala. 2014)). Ultimately, after applying this standard, the undersigned concluded that Plaintiff's fraudulent misrepresentation claim against Defendant Pedersen (based upon misrepresentations Defendant Pedersen made to Plaintiff) satisfied Rule 9(b). In so doing, the undersigned stated:

> The undersigned concludes that Plaintiff's complaint meets the specificity requirements of Rule 9(b) for a fraudulent misrepresentation claim based upon Defendant Pedersen's misrepresentations to Plaintiff. Plaintiff has alleged what statements were made by Defendant Pedersen and when they were made, with enough specificity and particularity, to place Defendant Pedersen on notice as to the basis of the fraudulent misrepresentation claim asserted against her. Plaintiff's complaint further identifies the manner in

3

> which Defendant Pedersen's statements misled him—*i.e.*, he believed he had no choice but to report to work at the Columbus plant because Defendant Argos would not meet his accommodation at the Auburn plant. Finally, while Plaintiff's complaint is lacking in what Defendant Pedersen "obtained as a consequence of the fraud," Plaintiff does allege that he was replaced by a younger individual at the Auburn plant. *See* Doc. 1 at 9, ¶ 51. Thus, reading the complaint in its entirety, *the undersigned concludes that Plaintiff's fraudulent misrepresentation claim satisfies the requirements of Rule 9(b).*

*Id*. at 32 (emphasis added).

After the Recommendation was entered, Defendant Pedersen filed a partial objection, arguing that (1) the Recommendation erred in failing to recommend dismissal of the portion of the fraudulent misrepresentation claim that was based upon misrepresentations made by Defendant Pedersen to a third-party; and (2) the Recommendation erred in failing to recommend dismissal of the fraudulent misrepresentation claim in its entirety because Plaintiff did not allege what benefit Defendant Pedersen obtained as a consequence of the fraud, nor did Plaintiff allege the damage he incurred from relying upon said misrepresentations. *See* Doc. 39. Defendants' original motion to dismiss argued that Plaintiff "failed to plead all elements [of the fraudulent misrepresentation claim] with the required specificity[,]" because the complaint did not (1) identify which statements form the basis for liability against [Defendant] Pedersen; (2) plead "the element of detrimental reliance"; and (3) allege "what damages arose from discrete acts of fraud rather than from other claims included in the complaint." Doc. 16 at 23.  Notably, Defendants did not argue in their motion to dismiss that Plaintiff

4

failed to allege what Defendant Pedersen obtained as a consequence of the fraud, which was one of the bases for Defendant Pedersen's objection to the Recommendation.

After *de novo* review, the District Judge overruled Defendant Pedersen's objections and adopted the undersigned's Recommendation. *See* Docs. 40 & 41. The District Judge noted:

> In the objection, [Defendant] Pedersen argues that the recommendation errs because [Plaintiff] failed to sufficiently plead facts concerning 'the benefit' [Defendant] Pedersen obtained as a consequence of her alleged misrepresentations to [Plaintiff]. However, [Defendant] Pedersen did not raise the insufficiency of [Plaintiff's] complaint regarding this element in the motion to dismiss or in the reply to [Plaintiff's] opposition to the motion to dismiss. Accordingly, the argument was not properly raised, and will not be considered at this time.

Doc. 40 at 2, n*.

Now, Defendant Pedersen asks the court to entertain that argument by moving once again to have the claim dismissed pursuant to Rule 12(b)(6) or Rule 12(c). In this pending motion, Defendant Pedersen specifically argues that Plaintiff failed to allege the benefit she received from the fraudulent misrepresentation to Plaintiff.

II. *Standard of Review*

   a. *Federal Rule of Civil Procedure 12(c).*

Rule 12(c) of the Federal Rules of Civil Procedure (the "Rules") allows a party to move for judgment on the pleadings. When the defendant is the movant, "[a] motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim on which relief may be granted." *Pinto v. Microsoft Corp.*, No. 12–

5

60509–CIV, 2012 WL 4479059, at *2 (S.D. Fla. Sept. 28, 2012) (citing *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998)).  Accordingly, the Court "accept[s] all facts in the complaint as true and view[s] them in the light most favorable to the plaintiffs."  *Moore v. Liberty Nat. Life Ins. Co.,* 267 F.3d 1209, 1213 (11th Cir. 2001) (internal quotations omitted).  "The complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hawthorne,* 140 F.3d at 1370.  Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  *Mergens v. Dreyfoos,* 166 F.3d 1114, 1116–17 (11th Cir. 1999).

      *b. Federal Rule of Civil Procedure 12(b)(6).*

The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief.  *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1553 (S.D. Fla. 1996).  It is read alongside Fed. R. Civ. P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.  *See* 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1356 at 590–92 (1969) (Wright & Miller).  While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

6

action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *see also Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 958 (11th Cir. 2009); *Corbitt v. Home Depot U.S.A., Inc.,* 573 F.3d 1223, 1256 (11th Cir. 2009); *Cobb v. State of Fla.,* 293 F. App'x 708, 709 (11th Cir. 2008); *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007). "[N]aked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly,* 550 U.S. at 557. Indeed, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'" *Wilchombe,* 555 F.3d at 958 (quoting *Twombly,* 550 U.S. at 562). On a motion to dismiss, a court should accept the non-conclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott,* 350 F.3d 1157, 1159–60 (11th Cir. 2003) (internal citation omitted); *see also Cobb,* 293 F. App'x at 709; *Brown v. Budget Rent–A–Car Syst., Inc.,* 119 F.3d 922, 923 (11th Cir. 1997).

Courts therefore conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). *Iqbal,* 556 U.S. at 679. A court should first ask whether the pleading properly asserts "well-pleaded factual allegations" or whether, instead, it merely asserts "'legal conclusions' [that are] not entitled to the assumption of truth." *Id.* at 679–680 (quoting *Twombly,* 550 U.S. at 555). If the complaint contains factual allegations that are well pled, the court should assume their veracity and then move to the next step, asking whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679.

Thus, where the pleading asserts non-conclusory, factual allegations that, if true, would push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id.* at 680 (quoting *Twombly,* 550 U.S. at 570) (quotation marks omitted).

### III. Discussion

Here, Defendant Pedersen argues:

> Count IV of the Complaint should be dismissed because the [undersigned's November 1, 2016] Recommendation already found that no viable claim for relief was stated in the portions of Count IV relating to statements made to Dr. Stauffer [a third party to the case], and Plaintiff has failed to allege the necessary element that [Defendant] Pedersen obtained some benefit with respect to the claims related to representations made directly to the Plaintiff.

Doc. 42 at 5. In other words, Defendant Pedersen argues that Plaintiff's complaint is insufficient to state a claim for fraudulent misrepresentation because it fails to suggest "what [Defendant Pedersen] obtained as a consequence of the fraud." *Id*. at 6-9. Indeed, Defendant Pedersen asserts that "the Complaint does not plead that [Defendant] Pedersen made any false statement to Plaintiff for her own personal gain or that she somehow individually benefitted from Plaintiff's alleged reliance on her representation to him. This failure is fatal to the viability of this claim against her individually." *Id*. at 8. Therefore, Defendant Pedersen requests that the fraudulent misrepresentation claim against her be dismissed pursuant to Rule 12(b)(6) or Rule 12(c).

Plaintiff responds that Defendant Pedersen's request to dismiss the fraudulent misrepresentation claim against her has already been denied by the court via the undersigned's Recommendation and the District Judge's opinion and judgment adopting

the same. *See generally* Doc. 45. Therefore, Plaintiff argues that Defendant Pedersen's motion fails both procedurally and substantively. *Id*. Procedurally, Plaintiff argues that Defendant Pedersen's motion is improperly before the court because Defendant Pedersen "objected to [the] Recommendation, [which] specifically address[ed] this issue," that the District Judge refused to address Defendant Pedersen's argument during his *de novo* review because it was not raised previously, and that instead of challenging that ruling, Defendant Pedersen filed this current motion to dismiss to argue the issue. *Id*. at 6-7. Substantively, Plaintiff argues that pleading what a defendant obtained as a consequence of the fraud is not an essential element under Alabama law; *id*. at 7-9; that pleading the defendant's benefit is not required to comply with Rule 9(b), particularly when such facts would be uniquely held by the defendant, *id*. at 9-11; and that, in any event, Plaintiff sufficiently pled what Defendant Pedersen obtained as a consequence of the fraud, considering that the undersigned's Recommendation specifically concluded "that Plaintiff's fraudulent misrepresentation claim satisfies the requirements of Rule 9(b)[,]" *id*. at 12-14.

The undersigned agrees with Plaintiff's argument, at least in part. Clearly, Defendant Pedersen is attempting to resubmit the same question before the court that was already raised in Defendants' original motion to dismiss: should the court dismiss Plaintiff's fraudulent misrepresentation claim because it is insufficiently pled? Defendants' original motion to dismiss argued that Plaintiff failed to satisfy Rule 12(b)(6) and the heightened pleading standards of Rule 9(b), but did not specifically raise Plaintiff's failure to plead what Defendant Pedersen obtained as a consequence of the fraud.

9

Nonetheless, when determining whether Plaintiff's complaint satisfied Rule 9(b), the undersigned noted that Plaintiff's complaint lacked specificity as to Defendant Pedersen's benefit from the fraudulent misrepresentation. However, the undersigned continued on to conclude that the complaint, when read *in toto*, provided the requisite allegations needed to survive the motion to dismiss, satisfying both Rule 12(b)(6) and Rule 9(b). As previously noted, the Recommendation reads, in pertinent part:

> The undersigned concludes that Plaintiff's complaint meets the specificity requirements of Rule 9(b) for a fraudulent misrepresentation claim based upon Defendant Pedersen's misrepresentations to Plaintiff. Plaintiff has alleged what statements were made by Defendant Pedersen and when they were made, with enough specificity and particularity, to place Defendant Pedersen on notice as to the basis of the fraudulent misrepresentation claim asserted against her. Plaintiff's complaint further identifies the manner in which Defendant Pedersen's statements misled him—*i.e.*, he believed he had no choice but to report to work at the Columbus plant because Defendant Argos would not meet his accommodation at the Auburn plant. Finally, while Plaintiff's complaint is lacking in what Defendant Pedersen 'obtained as a consequence of the fraud,' Plaintiff does allege that he was replaced by a younger individual at the Auburn plant. *See* Doc. 1 at 9, ¶ 51. Thus, reading the complaint in its entirety, the undersigned concludes that Plaintiff's fraudulent misrepresentation claim satisfies the requirements of Rule 9(b).

Doc. 38 at 32. Defendant Pedersen, nonetheless, has seized upon one portion of the undersigned's conclusion—*i.e.*, that Plaintiff's complaint lacked what Defendant Pedersen obtained as a consequence of the fraud—without addressing the remainder of the undersigned's conclusion—*i.e.*, that reading the complaint in its entirety, the pleading satisfies Rule 9(b).

The undersigned continues to conclude that such is the case. Indeed, as noted in the Recommendation, Plaintiff's complaint does not set forth with specificity *how* Defendant

10

Pedersen personally benefitted from the fraudulent misrepresentation. However, the complaint does allege that Plaintiff was replaced by a younger individual at the Auburn plant. Doc. 1 at 9, ¶ 51. That replacement was a result of Plaintiff being told by Defendant Pedersen that he had no choice but to transfer to the Columbus plant because the Auburn plant could not accommodate him. *Id*. at 7, ¶ 39. Plaintiff also alleged that Defendant Pedersen advised Plaintiff, during a previous alternative dispute resolution meeting, that Defendant Argos could not meet Plaintiff's requested accommodations at the Auburn plant, and that "there 'was a problem with [Plaintiff] not being able to do the jobs required by the plant manager'" at that location. *Id*. at 5, ¶ 26. However, Plaintiff asserted that, when questioned during that meeting, Defendant Pedersen "could not identify a specific duty" that Plaintiff would not be able to perform at the Auburn plant. *Id*.

Thus, reading the complaint in its entirety and construing the facts alleged in the light most favorable to Plaintiff, Defendant Pedersen could have made misrepresentations to Plaintiff in order to have Plaintiff replaced by someone who Defendant Pedersen preferred to have in the position. Maybe Defendant Pedersen wished to have her friend operate the Auburn plant? Maybe Defendant Pedersen wished to have a younger person in Plaintiff's position so that she would not have to deal with the potential health concerns of Plaintiff? Maybe Defendant Pedersen simply did not like Plaintiff and wanted Plaintiff replaced? Indeed, whether Defendant Pedersen received a benefit because of her misrepresentations to Plaintiff may not be known to Plaintiff at this time, thereby making it impossible for Plaintiff to allege. Thus, the undersigned concludes that Plaintiff is

11

entitled to discovery of the issue because Plaintiff's complaint sufficiently alleges factual matter that satisfies Rule 12(b)(6) and Rule 9(b).

Further, it should be reiterated that the heightened pleading standard set forth under Rule 9(b) is not a one-size-fits-all. Surely there are instances when a plaintiff may not possess the requisite information to allege each and every particular of Rule 9(b)'s heightened pleading standard. In such cases, the standard may be applied less stringently when specific factual information about the fraud is peculiarly within the defendant's knowledge or control. *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.* 755 F. Supp. 1040, 1052 (S.D. Ga. 1990). As noted by Defendants in their original motion to dismiss, "[i]n simple terms, 'under Rule 9(b), it is sufficient to plead the who, what, when, where and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent.' *Mizarro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008)." Doc. 16 at 23. Indeed, in the usual case, "[t]o pass muster under Rule 9(b), the complaint must allege the time, place, speaker, and sometimes event the content of the alleged misrepresentation." *Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir. 1990). Plaintiff has done so here. *See* Doc. 1 at 7, ¶ 39 (Who, what, when: After Plaintiff's release from Doctors Bufford and Stafford, "[Defendant] Pedersen then informed [Plaintiff] that his only option was to transfer to [Defendant] Argos' plant located in Columbus. . . ."); *id.* at 7, ¶ 40 (How: "Having no other meaningful choice, [Plaintiff] reported for work at the Columbus Plant on June 29, 2015."); *id.* at 9, ¶ 51 (Intent: "Upon information and belief, [Plaintiff] was

replaced at the Auburn Plant by someone in his thirties."); *id*. at 13, ¶ 74 (Intent: "[Defendant] Pedersen knew said misrepresentations were false, or said misrepresentations were made willfully, recklessly, wantonly, and/or innocently, but with the intention that . . . [Plaintiff] . . .rely upon them.").

Because Plaintiff has sufficiently pled a fraudulent misrepresentation claim against Defendant Pedersen according to the requirements of Federal Rule of Civil Procedure 12(b)(6) and Rule 9(b), the undersigned concludes that Defendant Pedersen's motion to dismiss or, alternatively, for judgment on the pleadings, is due to be denied.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Defendants' Motion to Dismiss or, Alternatively, for Judgment on the Pleadings (Doc. 42) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March, 29, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

13

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 15th day of March, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE